Helena Thompson v. Commissioner.
Thompson v. Commissioner
Docket No. 32410.
United States Tax Court
1953 Tax Ct. Memo LEXIS 315; 12 T.C.M. (CCH) 348; T.C.M. (RIA) 53104; March 31, 1953
*315 1. Held, petitioner furnished over one half of the support of her nephew and is entitled to credit for one dependent. 2. Held, further, petitioner has not shown that she furnished over one half of the support of her brother Henry, for the year 1947. Malcolm S. H. Kneale, Esq., 710 Congress Building, Miami, Fla., and Malcolm Lewis Kneale, Esq., for the petitioner. Frank M. Thompson, Jr., Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The respondent determined deficiencies in income tax for the calendar years 1947, 1948 and 1949 in the respective amounts of $241, $257 and $345. The sole issue is whether the petitioner is entitled to credit for certain dependents claimed *316 on her returns. She concedes that certain persons claimed were not dependents within the applicable statute but contends that her brother Henry was a dependent during the year 1947 and that her nephew Alvin Brown was a dependent in all the taxable years. Her returns were filed with the collector of internal revenue at Jacksonville, Florida. Findings of Fact The petitioner is now married and her husband's name is Richard Holton. In 1947 she was single and was living with her parents and several brothers and sisters in Miami, Florida. She was the oldest of the children and was about 27 years of age in 1947. Since January, 1943 she has been employed by the Dade County School Board as an elementary school teacher. Her earnings were $1,963 in 1947, $2,392.68 in 1948 and $2,973.36 in 1949. The members of the family living together in 1947 were the father Ozias, then about 61; the mother Mabel; four daughters, Helena, Annis, Margaret, and Sarah; three sons, Nathaniel, Ozias, Jr., and Henry; and Alvin Brown, the three year old child of Annis. One other son Hubert was living in Alachua, Florida. He was graduated from Florida A. & M. College in August, 1947, and was employed thereafter *317 as a teacher of vocational agriculture. He kept no record of his earnings, but estimated that they amounted to about $1,000 in 1947, $1,500 in 1948 and $1,500 in 1949. He sent a part of his earnings to his mother to help support the family. The house in which the family lived was subject to a mortgage calling for payments of $75 per month. These payments were made during the years 1947, 1948 and 1949. The father Ozias was able to do very little work during the taxable years. The mother Mabel did washing in private homes for about $15 per week when she could get this work. Annis, aged about 25 in 1947, worked as a maid at a dress shop at wages of about $19 to $20 per week for about three months each year. She bought her own clothes and contributed what was left to help support the family. No records were kept of the family expenditures or income. The only estimate of the earnings of the father and mother was that each earned about $700 each year. The petitioner contributed considerable amounts of her earnings to the support of the family. The contributions of the petitioner and Hubert and the earnings of Ozias and Mabel and the amounts contributed by Annis, after buying her clothes, *318 were handled by Mabel, who paid the light and water bills and mortgage installments, bought groceries and clothing for other members of the family, and paid church contributions and other expenses. Alvin Brown's father made no contributions toward Alvin's support during the taxable years. The petitioner's brother Henry was in high school in the first part of 1947. He entered the Army during June of that year. He had no earnings prior to entering the Army and sent no allotment home thereafter. The remainder of the family lived in the family home throughout 1948 and 1949. In her income tax return for 1947, the petitioner claimed as dependents Mabel, Sarah, Henry and Alvin, her nephew. In her return for 1948 she claimed Mabel, Ozias, her father, and Alvin as dependents. For 1949 she claimed Mabel, Ozias, her father, Sarah and Alvin as dependents. The claims have been abandoned except those for Henry for 1947 and for Alvin for all three years. The petitioner contributed more than half the cost of the support of Alvin Brown, her nephew, during the years 1947, 1948 and 1949. She did not contribute more than one half of the cost of the support of her brother Henry, during 1947. Opinion
*319 The petitioner contributed substantially to the support of her parents, brothers and sisters, and nephew. Her brother Hubert also contributed. Her parents were able to earn but little and her sister Annis earned enough for clothing, but not much more. No records were kept and the estimates of the contributions vary. The petitioner says she turned over about two thirds of her salary to her mother for family support, which would amount to approximately $4,900 in the three years. Hubert says he contributed about half his earnings, which half would amount to about $2,000 in the three years. The mother's estimate was that the petitioner contributed about $1,500 and Hubert about $500 in each year. The earnings of the father, mother and Annis were estimated as about $1,650 per year. The petitioner apparently made the largest contribution, although it did not amount to half the entire family receipts. The issue is whether the petitioner may properly claim her brother Henry and her nephew Alvin Brown as her dependents within the intent of section 25 (b) of the Internal Revenue Code. [1]
*320 Henry entered the Army in 1947. The witnesses were not sure of the exact date. The only estimate given of the time of his entry was that this occurred in June of that year. We have therefore found as a fact that he entered the service in that month. The amount of his service pay in 1947 is not shown but in any event it would not be includible in gross income; Section 22 (b) (13), Internal Revenue Code. Since he would be self-supporting while in the service and for more than one half of the year 1947, we cannot find that he received over one half of his support from the petitioner in that year. She has not shown that she is entitled to a credit for Henry as a dependent in 1947. We think petitioner is entitled to the credit claimed on account of her nephew Alvin Brown for the three taxable years. Alvin was three years old in 1947. His mother Annis earned not more than $250 a year, and was not self-supporting. The petitioner made the largest contribution of any of the earning members to the family support. The petitioner claimed Alvin as a dependent and, so far as the record shows, he was not supported or claimed as a dependent by any other person. It is reasonable *321 to conclude that he received over one half of his support from the contributions made by the petitioner. We hold that the petitioner is entitled to a credit for Alvin Brown as her dependent. Decision will be entered under Rule 50. Footnotes
1. SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME. * * *
(b) Credits for Both Normal Tax and Surtax. - (1) Credits. - There shall be allowed for the purposes of both the normal tax and the surtax, the following credits against net income: * * *
(C) An exemption of $500 for each dependent whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $500, * * *
(3) Definition of Dependent. - As used in this chapter the term "dependent" means any of the following persons over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer: * * *
(C) a brother, sister, stepbrother, or stepsister of the taxpayer, * * *
(F) a son or daughter of a brother or sister of the taxpayer, * * *↩